IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49948

| | | |
|---|---|---|
| In the Interest of: John Doe I, a Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: October 12, 2022 |
| Petitioner-Respondent, | ) ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2022-30), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, affirmed.

Twin Falls Public Defender; Heidi J. Despain, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action. In October 2020, Doe gave birth to the child and both tested positive for methamphetamine at the hospital. After Doe and the father failed to comply with the safety plan, the child was placed into the custody of the Department of Health and Welfare (Department). The magistrate court approved case plans for Doe and the father. The magistrate court held periodic review hearings to monitor the parents' progress on

1

their case plans. The Department continually reported that the parents were making minimal to no progress on their case plan tasks. The parents were not drug testing or participating in treatment, and they were missing of lot of their scheduled visitation with the child.

In June 2021, the Department filed a petition to terminate Doe's parental rights to the child. The magistrate court held a trial in July 2022. After finding clear and convincing evidence that Doe neglected and abandoned the child and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the magistrate court's conclusion that she neglected and abandoned her child and that termination of her parental rights is in the child's best interests. The Department asserts that substantial evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

---

[1] The magistrate court also terminated the father's parental rights to the child. That decision, however, is subject to a separate appeal.

**A.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because she neglected and abandoned the child. The magistrate court found, by clear and convincing evidence, that Doe neglected her child by means of her child remaining in the custody of the Department for twenty-one months without reunification. The magistrate court found, "[t]he requirements for reunification have not really been attempted." Furthermore, the magistrate court found Doe had not provided proper parental care and Doe repeatedly refused "[o]pportunities to enable [her] to provide for the child's needs." Lastly, the magistrate court found Doe had abandoned the child.

The magistrate court found by clear and convincing evidence that the parents had not maintained a normal parental relationship with the child for well over one year.

On appeal, Doe recites some testimony to support her position and essentially argues she made efforts to work her case plan. Doe submits there were barriers to her ability to acquire employment but notes housing was never an issue during the pendency of the child protection action.[2] Doe asserts the magistrate court erred when it concluded she had neglected and abandoned her child.[3]

Doe does not challenge the magistrate court's findings of fact, but challenges the magistrate court's conclusions of neglect and abandonment based upon those findings. For this reason, we will address whether the magistrate court's conclusions are supported by substantial and competent evidence.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last

---

[2] Contrary to Idaho Appellate Rule 35(a)(6) Doe fails to cite to the record in her argument section. This Court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Furthermore, Doe's argument is one paragraph and it is difficult to glean what Doe is actually arguing. In essence, Doe failed to provide a cogent argument. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Nonetheless, we will address whether there was substantial and competent evidence to support the magistrate court's conclusions.

[3] In her conclusion, Doe argues the magistrate court erred when it found the Department had made reasonable efforts to avoid or prevent the removal of the child from Doe's home. This argument is irrelevant because the efforts of the Department are inapposite during a termination of parental rights. *Idaho Dep't of Health & Welfare v. Doe (2017- 21)*, 163 Idaho 83, 94, 408 P.3d 81, 96 (2017).

day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found the child was removed in early October 2020 and has remained in the custody of the Department. The termination trial was held approximately twenty-one months after the child's removal from Doe's custody. The primary focus of Doe's case plan was substance abuse and maintaining sobriety. Doe was to obtain a substance abuse assessment and follow its recommendations. Doe completed the assessment but did not complete the recommendations. Doe repeatedly started programs but never successfully completed one. Doe was to comply with random drug testing, however, she only completed two tests (one of which was the original test done at the hospital) and both tests were positive for methamphetamine. The case manager testified there were many requests for Doe to drug test, but Doe would not comply. It is impossible to know whether Doe maintained any level of sobriety because she refused to complete regular drug tests. Furthermore, Doe failed to complete a parenting class; only allowed the caseworker to visit her home a few times; and missed twenty-three of the forty-nine visits with her child. Visitation never progressed beyond supervised visitation due to Doe's lack of engagement on her case plan. Overall, the magistrate court did not err when it determined Doe neglected her child by not complying with her case plan.

Next, the magistrate court found Doe failed to provide proper parental care. Doe argues she ensured there were gifts, clothing, shoes, and necessities necessary for her visits with her child. The magistrate court acknowledged that Doe provided gifts but found Doe had not provided any financial support for the child during the pendency of the child protection case. Even though Doe provided items during visits with her child, twenty-six visits in a twenty-one month span does not demonstrate a parent's ability to provide consistent proper parental care. As such, the magistrate court did not error when it found Doe had failed to provide proper parental care to the child.

Lastly, the magistrate court found Doe had abandoned her child. Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*,

5

148 Idaho 713, 715, 228 P.3d 980, 982 (2010). Doe was provided the opportunity to visit her child forty-nine times during the pendency of the child protection case. She missed twenty-three of those visits due to either not showing up or cancellation by the Department for showing up late to the scheduled time. Visitation never advanced beyond supervised visitation because Doe failed to progress on her case plan--specifically, prove and maintain her sobriety. The magistrate court also found that Doe did not provide financial support for the child. Consequently, Doe failed to provide reasonable support and to have regular contact with her child. The magistrate court did not err when it found Doe had abandoned her child.

**B.      Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

As previously stated, the magistrate court determined that terminating Doe's parental rights is in the child's best interests. The magistrate court acknowledged that Doe had a genuine interest in keeping custody of her child. The magistrate court also acknowledged Doe's struggles with transportation and proximity to services. However, the magistrate court found that after almost two years of the Department's attempts to assist Doe, Doe did not demonstrate an ability to provide for her child, let alone herself. Most importantly, the magistrate court found it was highly probable that Doe would remain addicted to and actively using methamphetamine, based upon the repeated refusals to drug test combined with the two positives for methamphetamine. The magistrate court found it is not in the child's best interests to be in Doe's care while she remains an active user.

The extent of Doe's argument seems to be that Doe and the child are bonded. However, Doe did not challenge any of the findings of fact the magistrate court made in its analysis of the child's best interests. This Court agrees with the magistrate court that the lack of drug tests makes it highly probable that Doe continues to struggle with addiction. Both the caseworker and foster parent testified the child is doing well in his foster home. The child is healthy and on track developmentally. In contrast, the magistrate court found Doe struggles to meet her own needs signifying she would not be able to provide for herself and her child. There is no evidence that Doe provided financial support for her child and she only claims she made efforts to acquire employment without any evidence thereof. Doe has failed to show error in the magistrate court's determination that terminating her parental rights is in the best interests of the child.

## IV.

## CONCLUSION

Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.